IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 15-475 |
| KEVIN SMALLER | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                   **MARCH 11, 2022**

Presently before the Court is Defendant Kevin Smaller's *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 55.)  For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND**

On August 26, 2015 and September 1, 2015, Defendant sold methamphetamine to an informant.  (Presentence Report ("PSR") ¶ 14 (on file with Court).)  After executing a warrant for his house, police found a 9mm handgun under his pillow, as well as multiple magazines, phencyclidine (PCP), methamphetamine, pre-recorded buy money used by the informant, and digital scales.  (*Id.* at ¶ 16-19.)  Defendant was not permitted to possess a firearm because he had been convicted of possession of a controlled substance with intent to deliver, 35 Pa. Stat. § 780-113(a)(30), four years earlier and had been sentenced to four years of probation.[1]  (*Id.* at ¶ 41.)

On September 15, 2016, Defendant entered a plea of guilty to two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession with intent to distribute a substance containing detectable amounts of PCP and

---

[1] At the time of Defendant's state court conviction, violation of 35 Pa. Stat. § 780-113(a)(30) carried a maximum sentence of ten years in prison.  35 Pa. Stat. § 780-113(f)(1.1).

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B); one count of possession of a loaded firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).  Pursuant to an agreement between the parties, Defendant was sentenced to 150 months in prison and 5 years of supervised release.  Defendant did not appeal.

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which held that in prosecutions for possession of a firearm by a convicted felon, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  Defendant subsequently filed a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, requesting that this Court vacate his conviction for illegally possessing the firearm because the Government failed to prove that he knew that he had previously been convicted of felony offenses.

## II.   LEGAL STANDARD

Section 2255 permits a prisoner in federal custody to challenge the validity of his sentence.  28 U.S.C. § 2255; *see also United States v. Eakman,* 378 F.3d 294, 297 (3d Cir. 2004).  Any challenge to a defendant's conviction and sentence should be raised on direct appeal.  *See Bousley v. United States,* 523 U.S. 614, 622 (1998) (noting that a defendant's claims "can be attacked on collateral review only if first challenged on direct review").  Failure to do so creates a procedural default as to that issue.  *United States v. Jenkins,* 333 F.3d 151, 154-55 (3d Cir. 2003).  There are, however, two exceptions to the procedural default rule:  A defendant can demonstrate that there is "cause" and "actual prejudice," or he can demonstrate that he is "actually innocent."  *Bousley,* 523 U.S. at 622.

### III.     DISCUSSION

Defendant requests that we vacate his sentence because he entered a plea of guilty to possession of a firearm by a convicted felon, even though the Government did not elicit that he knew that he had been convicted of a felony during the guilty plea proceedings.  Defendant's claim is defaulted, and no exception to the procedural default rule applies.  Defendant's basis for requesting relief was not so novel that he could not have raised it on direct appeal, and there is no credible argument that Defendant was unaware of his felony conviction since it is presumed that the state court informed him of his maximum sentence before he entered his plea of guilty to his earlier felony.  Defendant has not raised either exception to the procedural default rule in his Motion.  Nevertheless, we will address both possible exceptions out of an abundance of caution.

### A.     Cause and Actual Prejudice

We first analyze whether defendant had cause for failing to raise the *Rehaif* claim on direct review and if there was prejudice by his failure to do so.  Cause exists where the defaulted issue was "so novel that its legal basis [was] not reasonably available" at the time of default.  *Reed v. Ross*, 468 U.S. 1, 16 (1984).  A claim is "not reasonably available" when the Supreme Court explicitly overrules one of its precedents or overturns longstanding, widespread practice on an issue that the Court had not previously addressed, but "a near-unanimous body of lower court authority ha[d] expressly approved."  *Id.* at 17.  However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."  *Bousley*, 523 U.S. at 623.

*Rehaif's* central issue—whether the Government must prove that a defendant knew of the facts that rendered him ineligible to possess a firearm—was not so novel that it was not reasonably available to him at the time of his conviction.  "The issue had been litigated in a

number of circuit courts for decades.  *United States v. Reap*, 391 F. App'x 99, 103-04 (2d Cir. 2010); *United States v. Kafka*, 222 F.3d 1129, 1131–33 (9th Cir. 2000); *United States v. Hutzell*, 217 F.3d 966, 967–68 (8th Cir. 2000); *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995); *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993); *United States v. Dancy*, 861 F.2d 77, 80 (5th Cir. 1988)."  *United States v. Saunders*, No. 10-442, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020).

District courts within this Circuit largely agree that failure to litigate a *Rehaif* claim does not constitute cause.  *See, e.g. Unites States v. Vilella*, No. 16-285, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020) ("In this circuit, arguments under *Rehaif* are not sufficiently novel in the § 2255 context . . . ."); *United States v. Darden*, No. 15-173, 2021 WL 4476889, at *5 (E.D. Pa. Sept. 30, 2021); *Stoner v. United States*, No. 16-357, 2021 WL 3472385, at *4 (M.D. Pa. Aug. 6, 2021); *United States v. Robinson*, No. 14-455, 2021 WL 2633629, at *3 (E.D. Pa. June 25, 2021) (observing that *Rehaif* claims had been "percolating in the courts for years").  Because the issue has been litigated for years preceding *Rehaif*, we agree that it was not so novel that its legal basis was not reasonably available to Defendant when he appealed his conviction.  Defendant has not shown cause.

Even if Defendant were able to establish cause, relief would still be denied because Defendant cannot establish prejudice.  Prejudice exists when the alleged error worked to the defendant's "actual and substantial disadvantage."  *United States v. Frady*, 456 U.S. 152, 170 (1982).  In the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

We note that Defendant has at no point asserted that he did not know that his possession of a controlled substance with intent to deliver carried a penalty of over one year in prison, only that the Government's burden was to show that he knew of the facts rendering him ineligible to carry a firearm.  (Def.'s Mot. Under 28 U.S.C. § 2255, 5.)  Because he failed to assert any reason why the Government might have difficulty proving his guilt as to this element, we do not find that he would have demanded a trial.  *See United States v. Murphy*, No. 13-060, 2020 WL 1891791, at *3 (M.D. Pa. Apr. 16, 2020).  Therefore, he has not met his burden to prove that he suffered prejudice.

Moreover, while neither party has provided the state court transcript for defendant's state court guilty plea proceedings, we presume that those proceedings were conducted in accordance with the law.  *See Parke v. Raley*, 506 U.S. 20, 30 (1992) ("it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights").  In addition, at least two Circuit courts have found that, when faced with a *Rehaif* claim, a court may presume that a defendant was informed of his maximum penalty in accordance with state law in the absence of available guilty plea proceeding transcripts.  *United States v. Tignor*, 981 F.3d 826, 830 (10th Cir. 2020) (observing that "Texas law required the state court to inform [Tignor] of the possible sentencing range," so he "likely knew that aggravated assault was punishable by more than one year in prison"); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (reasoning that because "New Hampshire law requires a judge to make sure that a defendant knows the maximum possible sentence when entering a guilty plea . . . it seems virtually certain that at least one of the two state court judges who accepted Burghardt's guilty pleas in his state court cases . . . told Burghardt face-to-face what his maximum sentence could be").  Pennsylvania law

requires that defendants to be informed of the maximum sentence for the offense charged before entering a plea of guilty.  *Commonwealth v. Willis*, 369 A.2d 1189, 1190 (Pa. 1977); Pa. R. Crim. P. 590 (cmt.).  Therefore, in the absence of any evidence or assertion to the contrary, we will presume that the state court informed Defendant that his charge of possession of a controlled substance with intent to deliver was punishable by over a year in prison before he entered a plea of guilty.

      **B.**      **Actual Innocence**

Another exception to the procedural default rule is "actual innocence."  *Bousley,* 523 U.S. at 622.  Under the actual innocence exception, a defendant who failed to raise a cognizable Section 2255 claim in his direct appeal may nevertheless raise the issue collaterally if the alleged error "has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier,* 477 U.S. 478, 496 (1986).  To prevail on a claim of "actual innocence," the defendant must persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo,* 513 U.S. 298, 329 (1995).  As noted above, Defendant has not asserted that he did not know that his conviction for possession of a controlled substance with intent to deliver was a felony, and we presume that the state court properly instructed him about his maximum sentence.  We find that the defendant does not have any plausible claim of actual innocence.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody will be denied. An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
